**STATE In re McHENRY, Relator, v. CALHOUN JR. etc., Respondent.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21718.   Decided March 13, 1950

Rocker & Schwartz, Cleveland, for relator.
McKeehan, Merrick, Arter & Stewart, Cleveland, for respondent.

## OPINION

By McNamee, J:

This original action in prohibition presents the question: May a Justice of Peace having jurisdiction of the person and subject matter, be prohibited from hearing and determining an action for damages to property that could have been asserted as a counter-claim in another action pending in the Common Pleas Court between the same parties in which the plaintiff in Common Pleas Court sought recovery

of damages for injuries to person and property in an amount in excess of the jurisdiction of the Justice.

The facts are: On July 22, 1949, automobiles owned and operated by James McHenry and William A. Wishon collided on Carroll Boulevard in University Heights, Ohio. On August 13, 1949, McHenry instituted suit in Common Pleas Court of Cuyahoga County against Wishon, seeking recovery of damages to plaintiff's automobile and injuries to his person which he claims to have sustained as a result of the collision. On October 21, 1949 Wishon filed an answer in the Common Pleas Court and instead of filing a counter-claim, he instituted suit in the Court of respondent, Justice, against McHenry, seeking to recover the damages to his automobile alleged to have been sustained in the same collision. On November 4, 1949, McHenry filed a motion in the Justice Court to dismiss the Bill of Particulars on the ground of the pendency of another action in Common Pleas Court between the same parties and arising out of the same transaction. This motion was overruled by the Justice of Peace on November 28, 1949. Thereafter, on December 2, 1949, McHenry filed his petition in this Court for a Writ of Prohibition seeking to prohibit the Justice of Peace from proceeding to hear and determine the action instituted in that Court by Wishon.

It is conceded that the Justice of Peace has jurisdiction of the person and subject matter of the action filed in his Court, the amount of damage sought to be recovered there being $165.00. Likewise, it is conceded that in the action pending in Common Pleas Court the damages sought to be recovered amount to several thousand dollars beyond the jurisdiction of the Justice of Peace.

In support of his claim Relator invokes the rule:

"That as between courts of concurrent and co-extensive jurisdiction, the one whose power is first invoked by the institution of the proper proceedings and the service of the required process, acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals." **11 O. Jur. 726, Sec. 81.**

This rule is founded in consideration of judicial comity and a due regard for the orderly administration of justice. It is a condition of the operation of the rule that the causes of action be the same in both cases. **11 O. Jur. 729, Sec. 82.**

As stated by Matthias, J., in **State ex rel etc. v. Schneider, 103 Oh St 492, 495:**

"The pendency of another action may be successfully pleaded as a defense only when it is clearly made to appear that such pending cause of action is between the same parties, upon the same cause of action."

The condition of identity of causes of action is met in actions for divorce, where the dissolution of a status is the subject of the action.

Priority of jurisdiction accompanied by judicial competence to determine the whole case, is preemptive of the jurisdiction of other courts of coordinate powers. Thus, while the statute may confer concurrent jurisdiction of the same cause upon courts of coordinate authority, the rule here sought to be invoked operates to invest exclusive jurisdiction in the court first acquiring jurisdiction of the subject matter and person. It is to protect this exclusive jurisdiction against infringement by another court of equal authority that a superior tribunal will intervene by the issuance of a writ of prohibition. Formerly, under the old system of pleading, a plea in abatement was effective to stay proceedings where there was another action pending between the same parties for the same cause. Pleas in abatement no longer being authorized by the Code of Civil Procedure, the pendency of another action for the same cause may be raised by demurrer or motion when that fact appears upon the face of the petition filed in the second cause or as is more frequently the case, by answer, when the pendency of another action is not disclosed by the petition. See: **1 O. Jur. 36, Sec. 12.** Where such defenses are unavailing recourse may be had to a superior tribunal for a writ of prohibition. When necessary, resort to a superior tribunal may be made in the first instance.

"In Ohio, the purpose of a writ of prohibition is to keep inferior courts within the limitations of their own jurisdictions and to prevent them from encroaching upon jurisdictions of other tribunals." **32 O. Jur. 568, Sec. 6.**

When there is a conflict of jurisdiction between courts of coordinate authority that cannot be resolved by an appropriate order of the court last acquiring jurisdiction of the person, the intervention of a superior tribunal is necessary. Neither court of concurrent jurisdiction may prohibit or enjoin the other from proceeding to hear the cause and if one court enjoins the parties from proceeding, the other may retaliate by like action. As observed by the author of the text in 28 Am. Juris. 380, Sec. 190:

"For if one may enjoin, the other may retort by injunction and thus the parties be without remedy since they are liable for a process for contempt in one, if they proceed in the other."

The rule that the court first acquiring jurisdiction retains it to the exclusion of other courts of coordinate authority, has no application where the conflict of jurisdiction is between a court of general jurisdiction and one whose limited powers are inadequate to afford full relief to the parties. See: 11 O. Jur. 730, Sec. 83. Nor, is the rule applicable in those cases where the second action is based upon a different cause of action in favor of a different party. This is true, even though the different causes of action arise out of the same transaction. As conceded, the Justice of Peace has jurisdiction of the subject matter and person in the action instituted by Wishon against McHenry. The Common Pleas Court was invested with authority to hear and determine Wishon's claim of property damage against McHenry, if the former had filed a cross-petition therefor in the action pending in Common Pleas Court, but under the terms of §11315 GC, the filing of a counter-claim by a defendant is permissive—not obligatory. The general rule that a defendant must set up every defense, legal or equitable, or be deemed to have waived them does not apply to a counter-claim. **Witte v. Lockland, 39 Oh St 141.**

"But while it is the better and usual practice for a defendant to avail himself of any counter-claim, he may have against the plaintiff's action, he is not compelled to do so, but may reserve it and sue on it in a separate action, although, if he fails to do so, he will be penalized as to costs in the subsequent action." **36 O. Jur. 580, Sec. 92.**

**Covington & C. Bridge Co. v. Sargent, 27 Oh St 233; Swenson v. Cresop, 28 Oh St 668; Witte v. Lockland, 39 Oh St 141.**
The penalty for a defendant's failure to set up a counter-claim is found in §11624 GC, the pertinent part of which reads:

"* * * if a defendant omits to set up a counter-claim or set-off he cannot recover costs against the plaintiff in any subsequent action thereon * * *."

It is the clear policy of the law to include all causes of action arising out of the same transaction in a single suit. Although

the procedure adopted by Wishon in filing a separate action for damages in the Justice Court instead of asserting a counter-claim in the pending action in the Common Pleas Court is incompatible with that policy, such action on his part is not effective to divest the Justice Court of the jurisdiction conferred upon it by law. The law of this State which permits the filing of a counter-claim as a separate action, is the rule in most of the States. In an extensive annotation in 8 A. L. R. 634, the law in this country and elsewhere is summarized as follows:

"The general rule is that a defendant having a claim available by way of set-off, counter-claim or cross-petition, has an election so to plead it, or to reserve it for a future independent action, and a prior action in which a claim might have been asserted as a set-off, counter-claim or cross-petition is no bar to a subsequent independent action thereon."

The foregoing statement of the rule is supported by cases from thirty-three States, including Ohio, and cases from the Federal courts, Canada and England. As bearing directly upon counter-claims arising out of automobile collisions, see: Seeger v. Foster, Iowa, 169 N. W. 168, 8 A. L. R. 690. Republic Auto Ins. Co. v. Madel, 253 Mich, 663.

A writ of prohibition should never issue unless it clearly appears that the inferior court is about to exceed its jurisdiction. The pendency in Common Pleas Court of McHenry's suit against Wishon did not constitute a bar to the prosecution of Wishon's action in the Justice Court. This being so, the jurisdiction of the respondent Justice of Peace is unaffected by the pending action in Common Pleas Court and there exists no basis for the issuance of a writ of prohibition.

In view of the conclusion reached, we need not and do not express any opinion on the question whether there are other remedies available to the Relator. Solely as a matter of information, and expressly disclaiming any intention to indicate an opinion thereon, or an approval thereof, we direct attention to the note in 125 A. L. R. 337, which discusses "the right to enjoin the prosecution of actions in courts of limited jurisdiction because of the existence of counter-rights beyond such limited jurisdiction."

Writ denied. Exceptions. Order see journal.

SKEEL, PJ, HURD, J, concur.