THE STATE, EX REL. JUDSON, APPELLANT, *v.* SPAHR, JUDGE, APPELLEE, ET AL.

[Cite as State, ex rel. Judson, *v.* Spahr (1987), 33 Ohio St. 3d 111.]

(No. 86-194—Decided December 2, 1987.)

*Robert L. McCarty,* for appellant.

*Robert L. Becker,* prosecuting attorney, for appellee.

*Burman, Robinson & McCarthy Co., L.P.A., Dennis M. McCarthy* and *William C. Becker,* urging affirmance for *amicus curiae,* Kristee Judson.

*Per Curiam.* In order for the extraordinary writ of prohibition to issue this court must find that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, that the exercise of such power must be unauthorized by law, and that relator has no other adequate remedy at law. *State, ex rel. Greater Cleveland Regional Transit Auth.,* v. *Guzzo* (1983), 6 Ohio St. 3d 270, 6 OBR 335, 452 N.E. 2d 1314; *State, ex rel. Northern Ohio Tel. Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 52 O.O. 2d 29, 260 N.E. 2d 827.

The first requirement is clearly satisfied in this case. The Licking County trial court denied relator's motion to dismiss or sever in February 1984. There have been continuing pro-

ceedings in that case and a trial was scheduled to commence in January 1986. It is evident that respondent is continuing to exercise his judicial power over the case.

With regard to the second requirement, relator argues that the Licking County court lacks any jurisdiction to adjudicate Kristee Judson's conversion claim because all matters dealing with their rights in marital property, including the State Auto insurance policy, are encompassed in relator's divorce complaint pending in the Muskingum County court. Since that complaint was filed prior to the commencement of Kristee Judson's case, relator in effect argues that the rule of concurrent and co-extensive jurisdiction applies requiring the conclusion that the Muskingum County court acquired exclusive jurisdiction to resolve the dispute over the proceeds of the policy. Relator relies upon *State, ex rel. Phillips,* v. *Polcar* (1977), 50 Ohio St. 2d 279, 4 O.O. 3d 445, 364 N.E. 2d 33, in support of his argument.

The syllabus of *Phillips, supra,* sets forth the general rule for the resolution of a conflict between two courts when both are asserting jurisdiction over the same cause:

"As between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties. (*John Weenink & Sons Co.* v. *Court of Common Pleas,* 150 Ohio St. 349, approved and followed.)"

It is a condition of the operation of the rule that the claims or causes of action be the same in both cases. If the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter. *State, ex rel. Maxwell,* v.

*Schneider* (1921), 103 Ohio St. 492, 134 N.E. 443.

Furthermore, the rule does not apply where the conflict of jurisdiction is between a court of general jurisdiction and one whose limited powers are inadequate to afford full relief to the parties. *State, ex rel. McHenry,* v. *Calhoun* (1950), 87 Ohio App. 1, 93 N.E. 2d 317.

Courts of common pleas are courts of general jurisdiction and have original jurisdiction in all civil suits where the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts. R.C. 2305.01. Kristee Judson's conversion action falls within this broad jurisdictional grant.

Relator's divorce complaint invoked the Muskingum County Common Pleas Court's original domestic relations jurisdiction under R.C. Chapter 3105, which is limited to divorce, annulment, alimony and dissolution actions.

R.C. 3105.011 provides that a court of common pleas, including divisions of domestic relations, has full equitable powers and jurisdiction appropriate to determine all domestic relations matters. The exercise of the full equity powers and jurisdiction in any alimony or divorce action does include the authority to determine the rights of the parties to alimony and a division of property. *Griste* v. *Griste* (1960), 171 Ohio St. 160, 12 O.O. 2d 176, 167 N.E. 2d 924, paragraph two of the syllabus; *Clark* v. *Clark* (1956), 165 Ohio St. 457, 60 O.O. 115, 136 N.E. 2d 52.

In this case, the Licking County and Muskingum County courts do not have concurrent and co-extensive jurisdiction because the two cases involve different causes of action and different parties.

Relator's divorce complaint asks the Muskingum County court to divide the marital property, while Kristee

Judson's complaint asks the Licking County court to award damages against relator and his attorney for the unauthorized conversion of the insurance proceeds, and also requests a declaratory judgment as to the rights and obligations of herself, Joseph Judson's estate and State Auto under that policy.

Although the domestic relations jurisdiction of the Muskingum County court extends to the determination of matters involving the marital property of relator and his wife, the action filed by Kristee Judson alleges matters and involves parties that would not properly be involved in the divorce case in Muskingum County. It would be unreasonable to split the conversion action and have relator and Kristee Judson litigate claims between themselves in Muskingum County while Kristee Judson and Robert McCarty continue to litigate in Licking County. Since the Licking County court has jurisdiction to make a complete adjudication of the case, the rule of concurrent and co-extensive jurisdiction should not operate to divest the Licking County court of jurisdiction over Kristee Judson's conversion action. Thus, relator has failed to satisfy the second requirement for a writ of prohibition.

Furthermore, even if the rule of concurrent and co-extensive jurisdiction were applicable in this case, a writ of prohibition should not issue if relator has an adequate remedy at law.

A party challenging the jurisdiction of a court has a remedy at law in appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action. *State, ex rel. Smith,* v. *Court* (1982), 70 Ohio St. 2d 213, 24 O.O. 3d 320, 436 N.E. 2d 1005, paragraph one of the syllabus; *State, ex rel. Miller,* v. *Court* (1949), 151 Ohio St. 397, 30 O.O. 232, 86 N.E. 2d 464, paragraph three of the syllabus.

Relator contends that appeal is an inadequate remedy since the denial of the requested writ would compel him to litigate the same issues twice, one in each county, resulting in an inequitable and unnecessary duplication of costs, witnesses, and evidence. Furthermore, relator asserts that the possibility of conflicting decisions between the two courts demonstrates the inadequacy of an appeal from a final judgment in Licking County.

We are not persuaded that there will be undue duplication of litigation costs or other hardships to relator if the writ is denied. The Muskingum County court can certainly take full judicial notice of any judgment which the Licking County court renders in the conversion action, thus avoiding the need for a second trial of those issues and any possibility of conflicting judgments.

We find that the relator has failed to show that the Licking County court lacks the jurisdiction to hear Kristee Judson's conversion claim and her declaratory judgment action. The rule of concurrent and co-extensive jurisdiction does not apply. Furthermore, even if the rule were applicable, relator has a plain and adequate remedy at law.

The decision of the court of appeals denying relator's complaint for a writ of prohibition is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.