[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 514.]

THE STATE EX REL. SOLEY, APPELLANT, *v.* DORRELL, JUDGE, APPELLEE.

[Cite as *State ex rel. Soley v. Dorrell*, 1994-Ohio-103.]

*Courts—Trial court has authority to weigh the evidence and decide the applicable law on the question of whether a marriage between first cousins is void ab initio.*

(Nos. 93-2182 and 93-2192—Submitted March 29, 1994—Decided June 29, 1994.)

APPEAL from the Court of Appeals for Lucas County, No. L-93-232.

_____

{¶ 1} On August 2, 1993, appellant, R. Stephen Soley, filed a complaint seeking writs of prohibition and mandamus in the Court of Appeals for Lucas County. Appellant stated, and appellee, Judge Robert Dorrell, admitted in his answer, that appellant is the defendant in a divorce action pending before appellee; that appellant claims that he and the plaintiff in that case, Elizabeth Soley, are first cousins "by blood" and that appellant filed a *pro se* answer, an unspecified motion, and a motion to dismiss in the divorce action with evidence that he and Elizabeth are first cousins.

{¶ 2} Appellant requested a writ prohibiting appellee from exercising further jurisdiction in the divorce case and another compelling appellee to vacate orders previously issued in the case. On September 2, 1993, the court of appeals denied the writs, holding that appellant had failed to establish a right to have the marriage declared void *ab initio* and implying that appeal was an adequate remedy at law. On September 13, 1993, appellant filed a Civ. R. 60(B)(1) motion for relief from judgment, attaching his documentary evidence that he and Elizabeth are first cousins and claiming that his failure to do so before was "inadvertence." On September 30, 1993, the court of appeals denied the motion, stating that appellant

"failed to support by authority his proposition that a marriage between first cousins is void *ab initio*" and that he "failed to show that he did not have an adequate remedy at law because he failed to allege any damage to him not addressable by an action for money damages."

{¶ 3} On October 1, 1993, appellant appealed the September 2 decision (case No. 93-2182); on October 4, he appealed the September 30 decision (case No. 93-2192). On December 15, 1993, this court consolidated the two appeals.

{¶ 4} On December 1, 1993, appellant filed his merit brief. On December 23, 1993, appellee filed a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted. On January 3, 1994, appellant filed a memorandum contra and motion to strike the motion to dismiss. Appellee has filed no merit brief.

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Crandall, Pheils & Wisniewski* and *David R. Pheils, Jr.*, for appellant.

*Anthony G. Pizza*, Lucas County Prosecuting Attorney, *Bertrand R. Puligandla* and *Jeffery B. Johnston*, Assistant Prosecuting Attorneys, for appellee.

_____

*Per Curiam.*

{¶ 6} For the following reasons, we affirm the judgment of the court of appeals.

{¶ 7} Appellee has filed a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted. As appellant points out in his motion to strike, such a motion has no place in an appeal. Therefore, we grant the motion to strike. See Civ. R. 1(C)(1). However, we treat the memorandum in support of the motion to dismiss as a brief on the merits.

{¶ 8} For a writ of prohibition to issue, a court must find that the respondent is about to exercise judicial or quasi-judicial authority, that the exercise of such

power is unauthorized by law, and that relator has no other adequate remedy at law. *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 515 N.E.2d 911. The first element is clearly present; the other two are disputed.

{¶ 9} The court of appeals first held that appellant had not established, by clear precedent, that a marriage of first cousins is void *ab initio*. While R.C. 3101.01 limits the right of marriage to those "not nearer in kin than second cousins," no statute or decision of this court states that a marriage between first cousins is void *ab initio*. Therefore, the trial court has authority to weigh the evidence and decide the applicable law for itself. Appellant requests this court to short-circuit this process with a writ of prohibition and decide that first-cousin marriages are void ab initio in this state. Clearly, appellant does not seek a determination about a court's jurisdiction or authority; he seeks a decision on an unsettled aspect of the law of marriage. However, a trial court must have authority to determine the weight and sufficiency of the evidence establishing the relationship. Moreover, prohibition does not lie to prevent a merely erroneous decision by the trial court. *Kelley v. State ex rel. Gellner* (1916), 94 Ohio St. 331, 114 N.E. 255, paragraph three of the syllabus. Accordingly, we hold that appellee has authority to determine the law of marriage on this point, and thus is not acting without authority for which prohibition will intervene.

{¶ 10} Because we hold that appellee is authorized by law to exercise judicial authority, the issue of adequate remedy to recover interim alimony payments is moot.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

RESNICK, J., not participating.

———————————