OPINION
{¶ 1} Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). Plaintiff-appellant Brenda R. Hawk ("Hawk") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to defendant-appelle Randy J. Ketterer ("Ketterer").
 {¶ 2} On September 28, 1999, Ketterer, a volunteer member of the Cridersville Fire Department, left his house in response to an emergency notification of a motor vehicle accident with injuries. Ketterer was driving his personal vehicle, a Ford Ranger truck equipped with a magnetic flashing light. Ketterer then attempted to pass two vehicles, one of which belonged to Hawk, on the left across a double yellow line. According to Ketterer, he was sounding his horn at the time. Hawk made a left hand turn and was struck by Ketterer's vehicle.
 {¶ 3} On April 2, 2003, Hawk filed a complaint alleging that Ketterer was negligent in passing in a no passing zone. Hawk alleged that Ketterer had not made any audible signal before passing. Ketterer filed an answer on April 11, 2003, along with a motion for summary judgment alleging that Ketterer was immune from suit because he was acting in the scope of his position as a volunteer firefighter. The motion was supported by Ketterer's affidavit that he was driving his own truck with a flashing light and was sounding his horn. On July 1, 2003, Hawk filed a response to Ketterer's motion along with Hawk's affidavit that she neither saw any flashing lights nor heard a horn from Ketterer's vehicle before he struck her vehicle. The motion for summary judgment was granted on July 15, 2003, on the grounds that Ketterer was immune from suit because he was operating an emergency vehicle at the time of the accident. It is from this judgment that Hawk appeals and raises the following assignment of error.
The trial court erred in granting summary judgment to appellee on thebasis of political immunity when [Ketterer] knowingly crossed a doubleyellow line and struck a vehicle turning left in front of him and he wasknowingly driving a vehicle not properly equipped as a public safetyvehicle as required by statute and could show no valid public safetypurpose in not complying with the equipment requirements.
 {¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks,
supra.
 {¶ 5} In this case, Ketterer filed the motion for summary judgment, so all evidence must be construed in favor of Hawk. Ketterer claims that he is immune from suit because he was operating an emergency vehicle in his position as a volunteer firefighter. However, immunity is an affirmative defense. Civ.R. 8(C). Ketterer has the burden to show that he was entitled to the immunity and that he was not acting in a reckless manner. R.C. 2744.02(B)(1)(b). A personal vehicle used by a volunteer firefighter may be a public safety vehicle while responding to an emergency call if it is identified as required by the director of public safety. R.C. 4511.01(E)(4). If the vehicle does not meet the requirements, then the vehicle is not a public safety vehicle and Ketterer may not be entitled to immunity.
 {¶ 6} Additionally, there is conflicting evidence in the affidavits of Ketterer and Hawk. Ketterer, in his affidavit, stated that at the time of the collision, he had activated the flashing light on top of his vehicle and was sounding his horn. Ketterer did not state in the affidavit that he had activated a siren or that he even had one. Ketterer did not state that his vehicle was properly identified as a public safety vehicle. Hawk, in her affidavit stated that she did not see a flashing light on Ketterer's vehicle and did not hear any horn sounding. To pass in a no passing zone is a per se violation of traffic laws and may be considered reckless behavior. If Ketterer's vehicle was a public safety vehicle and was using proper precautions, his behavior would not be reckless. However, if he were to pass in a no passing zone without using proper precautions, his behavior may be reckless. Since there are disputed issues of material fact, the trial court erred by granting summary judgment. The assignment of error is sustained.
 {¶ 7} The judgment of the Court of Common Pleas of Allen County is reversed and the cause remanded for further proceedings.
Judgment reversed and cause remanded.
SHAW and CUPP, JJ., concur.