DUCKWORTH et al., Appellants and Cross–Appellees,

v.

BURGER KING CORPORATION, Appellee and Cross–Appellant.

[Cite as *Duckworth v. Burger King Corp.*, 159 Ohio App.3d 540, 2005-Ohio-294.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–697.

Decided Jan. 27, 2005.

542

Smith, Phillips & Associates, and Janet L. Phillips, for appellants and cross-appellees.

McNamara & McNamara, Dennis D. Liston, and Jonathan M. Bryan, for appellee and cross-appellant.

BROWN, Presiding Judge.

{¶ 1} Crystal and Dennis E. Duckworth, plaintiffs-appellants, appeal from a judgment of the Franklin County Court of Common Pleas in which the court granted the motion for summary judgment filed by Burger King Corporation, defendant-appellee.

{¶ 2} According to appellants, on November 5, 1998, Crystal consumed a Junior Whopper, french fries, and a soda at approximately 1:00 p.m., at a Burger King restaurant in Reynoldsburg, Ohio. She ate nothing else the rest of the day. At approximately 2:00 a.m. the next morning, Crystal became ill and was admitted to the hospital, where she was diagnosed as having salmonella enteritis.

{¶ 3} On September 12, 2000, appellants filed an action in Franklin County Municipal Court. On September 5, 2001, appellants amended their prayer for relief in an amount that exceeded the jurisdictional amount of the municipal court. On October 15, 2001, the municipal court transferred the case to the Franklin County Court of Common Pleas.

{¶ 4} On March 6, 2003, the common pleas court issued an entry transferring the case back to municipal court, finding that it was without jurisdiction in the matter because a municipal court may not transfer a case in which the prayer for relief exceeds its jurisdiction, citing *State ex rel. Natl. Emp. Benefit Serv., Inc. v. Cuyahoga Cty. Court of Common Pleas* (1990), 49 Ohio St.3d 49, 550 N.E.2d 941,

which held that the proper procedure in such circumstances is for the municipal court to dismiss the matter without prejudice for refiling in the appropriate court.

{¶ 5} On May 14, 2003, appellants filed a complaint in the present case in the common pleas court, alleging claims for breach of warranties, loss of consortium, respondeat superior, breach of contract, violations of the Pure Food and Drug Act, R.C. 3715.59, breach of implied warranty of merchantability, and violations of the Consumer Sales Practices Act ("CSPA"), R.C. Chapter 1345. Burger King filed an answer and a counterclaim. In the answer, Burger King denied liability and claimed that the statute of limitations had expired. In its counterclaim, Burger King alleged that it was entitled to attorney fees pursuant to R.C. 1345.09(F) and entitled to payment of $1,100 for the deposition expenses of Burger King's expert witness, Lincoln C. Conaway, D.O.

{¶ 6} On September 4, 2003, Burger King filed a motion for summary judgment, claiming that appellants could not prove causation and that the claim was barred by the statute of limitations. Appellants filed a cross-motion for summary judgment. Also on September 4, 2003, the municipal court filed an entry dismissing appellants' original September 12, 2000 complaint, otherwise than on the merits and without prejudice for refiling in the appropriate court, pursuant to the March 6, 2003 transfer from the common pleas court.

{¶ 7} On May 26, 2004, the common pleas court denied appellants' cross-motion for summary judgment and granted Burger King's motion for summary judgment. On June 14, 2004, the court filed an entry finding that appellants' action was barred by the statute of limitations, denying Burger King's request for attorney fees, and granting Burger King judgment against appellants for one-half of the cost of Dr. Conaway's deposition, or $550. In a separate action, appellants filed a complaint in the common pleas court within one year of the municipal court's September 4, 2003 entry dismissing the action. Appellants appeal the June 14, 2004 judgment of the common pleas court, asserting the following assignment of error:

The trial court erred in finding plaintiff's [sic] claim failed on September 5, 2001 for purposes of R.C. 2305.19 when the matter remained pending in municipal court and was sua sponte transferred to common pleas court.

{¶ 8} Burger King has filed a cross-appeal, asserting the following cross-assignments of error:

I. The trial court erred in holding that Defendant/Appellee and Cross-Appellant Burger King Corporation's Counterclaim pursuant to R.C. § 1345.09(F) was not before the court for adjudication because the court lacks jurisdiction to hear the matter.

II. The trial court erred in failing to order Plaintiffs/Appellants and Cross–Appellees to reimburse Burger King for the entire cost of Dr. Lincoln Conaway's deposition.

{¶ 9} Appellants argue in their assignment of error that the trial court erred in granting summary judgment on the basis that their claim failed on September 5, 2001, for purposes of R.C. 2305.19, when the matter remained pending in municipal court as of that date. Our review of the trial court's decision to grant summary judgment is de novo. See *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 65–66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 10} In reviewing this matter de novo, we will first address any application of R.C. 2305.19 and Civ.R. 41, both of which were cited by the trial court, to the present case. R.C. 2305.19, referred to as the saving statute, provides:

(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

{¶ 11} Civ.R. 41(B)(4) provides:

*(4) Failure other than on the merits.* A dismissal for either of the following reasons shall operate as a failure otherwise than on the merits:

(a) lack of jurisdiction over the person or the subject matter.

{¶ 12} We find that neither R.C. 2305.19 nor Civ.R. 41 has any application to the case before this court. R.C. 2305.19 permits the commencement of a new action "within one year after * * * the plaintiff's failure otherwise than upon the merits," if at the time of the failure, the original applicable statute of limitations has expired. Here, the trial court found that the case failed otherwise than upon the merits as of the filing of appellants' amended complaint in the municipal court

on September 5, 2001. We can find no authority for the proposition that a case can fail otherwise than upon the merits before the filing of a dismissal entry. Indeed, Civ.R. 41(B)(4)(a) specifically provides that, in order for there to be a failure other than on the merits, there must be "a dismissal." Therefore, insofar as the trial court found that the failure otherwise than on the merits occurred on September 5, 2001, the trial court erred. The failure otherwise than on the merits did not occur until the municipal court issued its judgment entry dismissing the case on September 4, 2003. As the complaint in the present action was filed before September 4, 2003, R.C. 2305.19 can have no application to the current case. For these reasons, neither R.C. 2305.19 nor Civ.R. 41 has any bearing on the issues before us.

{¶ 13} Because we have found that the original municipal court case remained pending as of the filing of the current action in the common pleas court, the issue arises as to whether the common pleas court could exercise jurisdiction in the present action when the municipal court had yet to dismiss the original action. A municipal court exercises concurrent jurisdiction with a court of common pleas, subject to the municipal court's monetary jurisdiction, in "any action or proceeding at law for the recovery of money or personal property." R.C.1901.18(A)(2). The jurisdictional-priority rule provides: " 'As between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' " *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 476 N.E.2d 1060, quoting *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus. Once a court acquires jurisdiction over a cause, its authority continues until the matter is completely and finally disposed of, and no court of coordinate jurisdiction is at liberty to interfere with its proceedings. *John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E.2d 730, paragraph three of the syllabus.

{¶ 14} Generally, the jurisdictional-priority rule operates only when the causes of action are the same in both cases; if the second case does not involve the same cause of action or the same parties as the first, the first case will normally not prevent the second case. *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas* (1997), 80 Ohio St.3d 149, 151, 684 N.E.2d 1234. However, though the application of the priority rule is generally limited to identical actions, the rule may apply where the causes of action and the requested relief are not the same. *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 117, 647 N.E.2d 807. If the claims in both cases are such that each of the actions comprises part of the "whole issue" that is within the exclusive jurisdiction of the

court whose power is legally first invoked, the jurisdictional-priority rule may be applicable. *State ex rel. Racing Guild*, 17 Ohio St.3d at 56, 17 OBR 45, 476 N.E.2d 1060.

{¶ 15} In the present case, the municipal court and common pleas court had concurrent jurisdiction over the types of actions brought by appellants in the two courts. Assuming, arguendo, that the claims and parties in both cases were the same or that each of the actions comprised part of the whole issue within the jurisdiction of the municipal court, the power of the municipal court was first invoked by appellants' institution of proceedings, and, thus, it acquired jurisdiction to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties. However, "the [jurisdictional-priority] rule does not apply where the conflict of jurisdiction is between a court of general jurisdiction and one whose limited powers are inadequate to afford full relief to the parties." *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113, 515 N.E.2d 911, *State ex rel. McHenry v. Calhoun* (1950), 87 Ohio App. 1, 5, 42 O.O. 231, 93 N.E.2d 317. Here, when appellants filed their amended complaint in the municipal court and sought damages that exceeded the jurisdictional limits of that court, the limited powers of the municipal court were inadequate to afford full relief to appellants. Therefore, the jurisdictional-priority rule could not apply, there could be no conflict of jurisdiction, and the common pleas court could properly exercise jurisdiction in the present action.

{¶ 16} As the common pleas court could exercise proper jurisdiction in the present case, and neither R.C. 2305.19 nor Civ.R. 41 applies to the present case, the issue becomes solely one of whether appellants' complaint filed in the current case was within the statute of limitations. The cause of action arose on November 5, 1998, and appellants filed their complaint on May 14, 2003. Even if all of the causes of action alleged in appellants' complaint applied to the particular circumstances in this case, appellants make no contention that such claims were filed within their applicable statute of limitations without the aid of the saving statute. We find they were not. Appellants' loss-of-consortium claim is governed by the four-year statute of limitations under R.C. 2305.09 and, thus, was filed outside the limitations period. With regard to the action under the CSPA, R.C. 1345.10(C) sets forth an absolute two-year statute of limitations for damages actions under the CSPA. See *Cypher v. Bill Swad Leasing Co.* (1987), 36 Ohio App.3d 200, 202, 521 N.E.2d 1142. As for the remainder of appellants' claims, in determining the proper statute of limitations to apply, courts must look to the underlying nature of the cause of action rather than relying on the form of the complaint. See *Hunter v. Shenango Furnace Co.* (1988), 38 Ohio St.3d 235, 237, 527 N.E.2d 871; *Palm Beach Co. v. Dun & Bradstreet, Inc.* (1995), 106 Ohio App.3d 167, 173–174, 665 N.E.2d 718. Assuming that all of the remaining causes

of action could be properly applied to the present case, they were for the recovery of damages growing out of the underlying claim of personal injury. Therefore, the remaining claims were barred by the two-year statute of limitations for personal-injury actions in R.C. 2305.10. See, e.g., *U.S. Fid. & Guar. Co. v. Truck & Concrete Equip. Co.* (1970), 21 Ohio St.2d 244, 251–252, 50 O.O.2d 480, 257 N.E.2d 380 (breach of implied warranty of merchantability sounded in tort, and the two-year statute of limitations for personal injury applied); *Mitchell v. Speedy Car–X, Inc.* (1998), 127 Ohio App.3d 229, 232, 712 N.E.2d 768 (where a plaintiff alleges bodily injury as a result of a breach of contract, the two-year limitations period of R.C. 2305.10 applies); *Allied Paper, Inc. v. H.M. Holdings, Inc.* (1993), 86 Ohio App.3d 8, 18, 619 N.E.2d 1121 (breach of warranty is a contract claim); *Tri–State Computer Exchange, Inc. v. Burt,* Hamilton App. No. C–020345, 2003-Ohio-3197, 2003 WL 21414688 (respondeat superior claims were derivative of other claims and, thus, were subject to dismissal, on statute of limitations grounds, along with the claims upon which they depended); *Mehl v. ICI Americas, Inc.* (S.D.Ohio 1984), 593 F.Supp. 157 (two-year statute of limitations in R.C. 2305.10 applies to actions to recover damages for bodily injuries brought pursuant to the Pure Food and Drug Act, R.C. 3715.59). Accordingly, appellants' claims were barred by the statute of limitations, and the trial court did not err in granting summary judgment to Burger King. Therefore, appellants' assignment of error is overruled.

 {¶ 17} Burger King argues in its first cross-assignment of error that the trial court erred in holding that its counterclaim, pursuant to R.C. 1345.09(F), was not before the court for adjudication because the court lacked jurisdiction to hear the CSPA claim as a result of the statute-of-limitations violation. We agree. R.C. 1345.09(F) provides:

The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:

(1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith.

 {¶ 18} Therefore, all that is required under R.C. 1345.09(F) for a party to be eligible for entitlement to reasonable attorney fees is that it be the "prevailing party."

 {¶ 19} In order for a formal "prevailing party" to exist, there must be an adjudication on the merits. *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 675, 590 N.E.2d 1214. In *LaBarbera v. Batsch* (1967), 10 Ohio St.2d 106, 39 O.O.2d 103, 227 N.E.2d 55, syllabus, the Ohio Supreme Court held that a dismissal of an action for failure to file the case within the applicable statute of limitations is a dismissal on the merits. See, also, *Talwar v. Kattan* (June 17, 1999), Allen App. No. 1–98–83, 1999 WL 446435 (motion for summary judgment based upon the

expiration of the statute of limitations is an adjudication upon the merits). Therefore, because Burger King prevailed on its statute-of-limitations defense, it was a "prevailing party" within the meaning of R.C. 1345.09(F) and "may" be entitled to attorney fees under that statute. As the trial court found that Burger King's counterclaim for attorney fees, pursuant to R.C. 1345.09(F), was never before it and, thus, never addressed the merits of the counterclaim, we must remand the matter for determination of this issue. Accordingly, Burger King's first cross-assignment of error is sustained.

{¶ 20} Burger King argues in its second cross-assignment of error that the trial court erred in failing to order appellants to reimburse it for the entire cost of Dr. Conaway's deposition. The trial court found that the parties should split the cost of the deposition based upon Civ.R. 26(B)(4)(c), which permits a court to order the party seeking discovery from an expert witness to pay the expert's fee for responding to discovery and also permits the court to order one party to pay another party the fair portion of the fees and expenses incurred by the latter party in obtaining facts and opinions from the expert. In ordering the parties to split the cost, the court determined that counsel for both parties attended the deposition and that the information obtained from it served to benefit both parties in some way. Burger King claims that the information obtained from the deposition benefited only appellants, the deposition was taken by appellants, no questions were asked by Burger King, and the sole purpose of the deposition was to buttress appellants' case by overcoming Dr. Conaway's testimony.

{¶ 21} Our review of a court's decision under Civ.R. 26(B)(4)(c) is by an abuse-of-discretion standard. See *Siegel v. Birnbaum* (Feb. 20, 1997), Cuyahoga App. Nos. 69105, 69059, 1997 WL 72143. We find no abuse of discretion. We have no reason to disturb the trial court's conclusion that the presence of Burger King's counsel at the deposition benefited it to some degree. Therefore, this argument is without merit, and Burger King's second cross-assignment of error is overruled.

{¶ 22} Accordingly, appellants' assignment of error is overruled, Burger King's first cross-assignment of error is sustained, and Burger King's second cross-assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for further proceedings in accordance with the law, consistent with this opinion.

Judgment affirmed in part
and reversed in part
and cause remanded.

LAZARUS and KLATT, JJ., concur.