[Cite as *Scott v. Dohse*, 194 Ohio App.3d 364, 2011-Ohio-2190.]


**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**


| | | |
|---|---|---|
| SCOTT, | : | |
| | : | Appellate Case No. 24052 |
| Appellant, | : | |
| | : | Trial Court Case No. 208-CVF-9762 |
| v. | : | |
| | : | |
| DOHSE et al., | : | (Civil Appeal from Dayton |
| | : | Municipal Court) |
| Appellees. | : | |


· · · · · · · · · · ·


O P I N I O N


Rendered on the 6th day of May, 2011.


· · · · · · · · · · ·


Boucher & Boucher Co., L.P.A., Richard A. Boucher,
and Julia C. Kolber, for appellant.

Craig T. Matthews & Associates, L.P.A., Craig T. Matthews,
and J. Conrad Dillon, for appellees.


· · · · · · · · · · · · ·


HALL, Judge.

{¶ 1} Jerrilyn Scott appeals from the trial court's journal entry dismissing her complaint against appellees Kent Dohse and Paul Stewart for unpaid rent and other money owed to her.

{¶ 2} Dohse and Stewart rented commercial space from Scott and operated an antique store. On December 4, 2008, Scott filed the present action in the small-claims division of the Dayton Municipal Court, seeking to recover $3,000 for back rent, payment for items

sold on consignment, and a utility deposit. On January 2, 2009, Dohse and Stewart filed their own complaint against Scott in Montgomery County Common Pleas Court, seeking a writ of replevin for the return of their inventory and damages of $28,000. The complaint also included claims for unlawful eviction, breach of contract, intentional interference with business relations, and defamation. Dohse and Stewart requested damages of $250,000 on each of these claims. In her answer to the complaint filed by Dohse and Stewart, Scott alleged that they "would not pay rent" and "would not pay [her] for [her] property."

{¶ 3} On January 7, 2009, the Dayton Municipal Court transferred Scott's lawsuit from the small-claims division to the regular docket. On May 17, 2009, the common pleas court granted Dohse and Stewart summary judgment on their claims for wrongful termination of a lease and breach of contract. The common pleas court awarded Dohse and Stewart damages of $13,307.55, including punitive damages of $4,435.85. The common pleas court also awarded the two men attorney fees of $9,151.91.

{¶ 4} On November 12, 2009, Dohse and Stewart moved to dismiss Scott's municipal court lawsuit on the basis of res judicata. A magistrate initially denied the motion. The magistrate then reconsidered and granted the motion. Scott filed what the trial court treated as objections to the magistrate's decision. On April 19, 2010, the trial court overruled the objections and dismissed Scott's complaint. In support of its ruling, the trial court reasoned: "The court agrees with the magistrate's conclusion of law that plaintiff was required to present her claim as either a counterclaim or a defense in [the common pleas court case]. Plaintiff is now barred from litigating the same issues in the present case and it was properly dismissed."

{¶ 5} On appeal, Scott primarily argues that the dismissal of her complaint violated

Ohio's jurisdictional-priority rule. She asserts that two cases were pending in two different courts of concurrent jurisdiction involving the same parties and the same issues. Under these circumstances, she insists that the jurisdictional-priority rule granted exclusive jurisdiction to the Dayton Municipal Court because it acquired jurisdiction first. As a result, she reasons that the Montgomery County Common Pleas Court lacked jurisdiction to proceed and, therefore, that the municipal court erred in dismissing her complaint. Scott also briefly touches on the concept of res judicata, asserting that she was not given an opportunity in the common pleas court action "to fully litigate her issues." In response to Scott's arguments, Dohse and Stewart assert that the jurisdictional-priority rule did not apply and that res judicata barred her complaint for unpaid rent, payment for items sold on consignment, and a utility deposit. In reply, Scott argues at length that res judicata did not apply and that she was not required to raise her municipal court claims as counterclaims in the common pleas court action.

{¶ 6} Upon review, we reject Scott's first argument. The jurisdictional-priority rule generally provides that " '[a]s between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' " *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113, quoting *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279. For the rule to apply, the parties and the subject matter must be the same. *Adams Robinson Ent. v. Envirologix Corp.* (1996), 111 Ohio App.3d 426, 429. Even if this requirement is met, the rule does not apply when "the conflict of jurisdiction is between a court of general jurisdiction and one whose limited powers are inadequate to afford full relief to the parties." *Judson* at 113, citing *State ex rel. McHenry v. Calhoun* (1950), 87 Ohio App. 1; see also *Duckworth v. Burger King Corp.*, 159 Ohio App.3d

540, 548, 2005-Ohio-294, ¶15.

{¶ 7} In the present case, Scott argues that (1) the Dayton Municipal Court and Montgomery County Common Pleas Court have concurrent jurisdiction, (2) she first invoked the municipal court's jurisdiction, and (3) her municipal court case and the appellees' common pleas court case involved the same parties and issues. Even assuming that this is true, Scott overlooks a dispositive fact—the Dayton Municipal Court's powers were limited, and it could not afford full relief to the parties.

{¶ 8} Scott filed her action in the small-claims division of the Dayton Municipal Court. The action remained pending there when Dohse and Stewart filed their lawsuit in Montgomery County Common Pleas Court. The damages requested, and ultimately obtained, by Dohse and Stewart in the common pleas court significantly exceeded the small-claims division's monetary jurisdiction of $3,000.[1] R.C. 1925.02(A)(1). The small-claims division also lacked jurisdiction over some of the claims filed by Dohse and Stewart. See R.C. 1925.02(A)(2)(a) (stating that a small-claims division lacks jurisdiction over actions for "libel, slander, replevin, malicious prosecution, and abuse of process"). This court has recognized the common-sense principle that no competing or conflicting jurisdiction exists when one of the two courts involved lacks jurisdiction. *Adams Robinson*, 111 Ohio App.3d at 430. Moreover, as noted above, the jurisdictional-priority rule has no applicability when "the conflict of jurisdiction is between a court of general jurisdiction and one whose limited powers are inadequate to afford full relief to the parties." *Judson*, 33 Ohio St.3d at 113. Thus, the jurisdictional-priority rule did not give the small-claims division of the Dayton Municipal

---

[1]The damages requested in the common pleas court case also exceeded the monetary jurisdiction of the regular division of the Dayton Municipal Court. R.C. 1901.17.

Court exclusive jurisdiction or preclude the lawsuit filed by Dohse and Stewart in the common pleas court.

{¶ 9} The remaining issue is whether the trial court erred in holding that (1) Scott was required to present her claims for $3,000 in back rent, payment for items sold on consignment, and a utility deposit as counterclaims or defenses in common pleas court and (2) Scott was "barred from litigating the same issues in the present case" that were adjudicated in the common pleas court.

{¶ 10} Upon review, we conclude that both holdings are erroneous. The first holding implies that the claims Scott raised in her small-claims complaint were compulsory counterclaims in the common pleas court action. This is incorrect. Under Civ.R. 13(A), a compulsory counterclaim generally includes "any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." We do not dispute that Scott's claims arose out of the same general transaction or occurrence as the claims raised by Dohse and Stewart. In her lawsuit, Scott claimed that she had locked the appellees out of their business because they owed her money for rent and other things. In their lawsuit, Dohse and Stewart alleged that Scott had breached their lease agreement by engaging in self-help repossession and locking them out.

{¶ 11} Notably, however, Civ.R. 13(A) contains an exception. It provides that a claim is not a compulsory counterclaim if "at the time the action was commenced the claim was the subject of another pending action." Here Scott's claims for unpaid rent and other money were the subject of a pending action in the small-claims division of the Dayton Municipal Court

when Dohse and Stewart filed their lawsuit in Montgomery County Common Pleas Court. Therefore, under Civ.R. 13(A), Scott's claims were not compulsory counterclaims, and she was not required to raise them in the common pleas court.[2] Nor were Scott's claims true defenses to the allegations raised by Dohse and Stewart. Even if Dohse and Stewart did fail to pay their rent and owe Scott other money, this would not have prevented the trial court from entering the judgment it did, awarding the men damages for breach of contract based on Scott's unauthorized use of self-help repossession by locking them out of their business. At most, Scott might have attempted to raise her claims for money due as counterclaims and sought a setoff. Once again, however, under Civ.R. 13(A) she had no obligation to do so.

{¶ 12} Finally, the trial court erred in holding that Scott was "barred from litigating the same issues in the present case" that were adjudicated in common pleas court. The problem with this holding is that the two cases did not involve the same issues.[3] A thorough review of the common pleas court's ruling reveals that it never made any factual finding as to whether Dohse and Stewart owed Scott money for back rent, items sold on consignment, or a utility deposit. In its ruling, which was provided to the trial court below, the common pleas court recognized Scott's assertion that she was owed money but noted her failure to raise any actual counterclaims or defenses in her answer. It then proceeded to find that she had engaged in improper self-help to repossess her property. This determination neither explicitly nor

---

[2]In fact, Civ.R. 13(B) suggests that Scott's pending claims for unpaid rent were not even permissive counterclaims in the common pleas court action. Under Civ.R. 13(B), a permissive counterclaim is "any claim against an opposing party not arising out of the transaction or occurrence that is the subject of the opposing party's claim." Here, Scott's claims for rent and other money due did arise out of the same transaction or occurrence as the claims raised by Dohse and Stewart. As explained above, the only reason her claims did not qualify as compulsory counterclaims was that they were already pending when Dohse and Stewart filed their lawsuit.

[3]This conclusion is somewhat at odds with Scott's argument regarding the jurisdictional-priority rule. In our analysis above, however, we rejected her jurisdictional-priority argument.

implicitly resolved the factual issue raised in Scott's small-claims action, namely whether Dohse and Stewart owed her money.

{¶ 13} In the proceedings below, Dohse and Stewart insisted that it made no difference whether the common pleas court actually had decided the factual issue presented by Scott's claims. It was enough, they asserted, that Scott could have litigated the issue in the common pleas court. We disagree. The doctrine of res judicata encompasses two related concepts, claim preclusion (or estoppel by judgment) and issue preclusion (or collateral estoppel). *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, ¶ 27. "'Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action.' * * * The previous action is conclusive for all claims that were or that could have been litigated in the first action." Id., quoting *O'Nesti v. DeBartolo Realty Corp.,* 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6.

{¶ 14} On the other hand, issue preclusion " 'holds that a fact or a point that was *actually and directly at issue* in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.' " (Emphasis added.) *State ex rel. Davis v. Pub. Emps. Retirement Bd.,* 120 Ohio St.3d 386, 2008-Ohio-6254, ¶ 27, quoting *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395.

{¶ 15} In the proceedings below, Dohse and Stewart specifically relied on the issue preclusion branch of res judicata to argue that Scott's small-claims action should be dismissed. As set forth above, however, whether Dohse and Stewart owed Scott money was

not "actually and directly at issue" in the common pleas court case. Nor did the common pleas court pass upon and determine that issue. The issue in the common pleas court was whether Scott improperly had engaged in self-help repossession by locking Dohse and Stewart out of their business, regardless of whether they owed her any money. Because the common pleas court action involved a different issue, Scott's small-claims complaint was not barred by issue preclusion.

{¶ 16} Based on the reasoning set forth above, we sustain Scott's assignment of error, in part. The judgment of the Dayton Municipal Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

Copies mailed to:

Richard A. Boucher
Julia C. Kolber
Craig T. Matthews
J. Conrad Dillon
Hon. Carl Sims Henderson