[Cite as *State ex rel. Vanni v. McMonagle*, 2013-Ohio-500.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

_____

### JOURNAL ENTRY AND OPINION
### No. 99507

_____

# STATE OF OHIO EX REL., JULIAN VANNI, ET AL.

### RELATORS

vs.

# HONORABLE RICHARD MCMONAGLE

### RESPONDENT

**JUDGMENT:**
COMPLAINT DISMISSED

Writ of Prohibition
Motion No. 462189
Order No. 462259

**RELEASED DATE:** February 8, 2013

**ATTORNEYS FOR RELATORS**

Stephen S. Ellsesser
Timothy N. Toma
Toma & Associates, L.P.A., Inc.
33977 Chardon Road
Suite 100
Willoughby Hills, Ohio 44094


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: David Lambert
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} The relators, Julian Vanni and Vanni & Associates, Inc., have filed a complaint for a writ of prohibition. The relators seek to prevent the respondent, Judge Richard McMonagle, from proceeding to trial in *S.W. Sports Ctr, Inc. v. John A. Kleem, et al.*, Cuyahoga C.P. Case No. CV-771733. For the following reasons, we sua sponte dismiss the relators' complaint for a writ of prohibition.

{¶2} The relators argue that Judge McMonagle is patently and unambiguously without jurisdiction to conduct a trial in Case No. CV-771733, which is currently scheduled for February 13, 2013. The relators argue that the appearance of Julian Vanni as a witness in a prior civil action, *Kleem v. S.W. Sports Ctr., Inc.*, Cuyahoga C.P. Case No. CV-624066, prevents the trial court from proceeding to trial in Case No. CV-771733. Specifically, the relators argue that Judge McMonagle "patently and unambiguously lacks jurisdiction to rule in Case No. CV-771733 because of the jurisdictional rule, claim preclusion, and witness immunity."

{¶3} In order for this court to issue a writ of prohibition, the relators are required to demonstrate each prong of the following three-part test: (1) Judge McMonagle is about to exercise judicial power; (2) the exercise of judicial power by Judge McMonagle is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of

the law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). In addition, prohibition does not lie, if relators have or had an adequate remedy in the ordinary course of the law, even if the remedy was not employed. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981); *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 218 N.E.2d 428 (1966).

{¶4} Prohibition does not lie unless it clearly appears that the court possesses no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941). Also, prohibition will not issue to prevent an erroneous judgment, or serve the purpose of an appeal, or to correct errors committed by the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 90 N.E.2d 598 (1950). Furthermore, prohibition should be used with great caution and not issue in doubtful cases. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940).

{¶5} However, when a court is patently and unambiguously without jurisdiction to act, the existence of an adequate remedy at law will not prevent the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist. 1995). Nevertheless, absent a patent and unambiguous lack of jurisdiction, a court possessing general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction. A party challenging the court's jurisdiction possesses an adequate

remedy at law through an appeal from the court's judgment that it possesses jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997); *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-132, 597 N.E.2d 116. Also, this court possesses discretion in issuing a writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶6} Initially, we find that the jurisdictional-priority rule does not divest Judge McMonagle of jurisdiction based upon the facts presented by the relators. It is a condition of the jurisdictional-priority rule that the claims and parties be the same in both cases, so if the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter. Herein, the relators were not parties in Case No. CV-624066. Thus, the jurisdictional-priority rule is not applicable under the facts presented by the relators. *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809; *State ex rel. Judson v. Spahr*, 33 Ohio St.3d 111, 515 N.E.2d 911 (1987).

{¶7} The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226. However, res judicata is an affirmative defense that does not divest the jurisdiction of the second tribunal to decide the validity of that defense. *State ex rel. Flower v. Rocker*, 52 Ohio St.2d 160, 370 N.E.2d 479 (1977). A writ of

prohibition will not issue herein, because Judge McMonagle possesses the jurisdiction to rule on the affirmative defense of res judicata. *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 1992-Ohio-20, 594 N.E.2d 616.

{¶8} In addition, it is well-established that judges, counsel, parties, and witnesses are immune from civil suits for defamatory remarks made during and relevant to judicial proceedings. *Willitzer v. McCloud*, 6 Ohio St.3d 447, 453 N.E.2d 693 (1983). Immunity, however, is an affirmative defense that must be raised by the relators and thus does not divest Judge McMonagle of jurisdiction to proceed to trial in Case No. CV-771733. *See* Civ.R. 8(C); *Spence v. Liberty Twp. Trustees*, 109 Ohio App.3d 357, 672 N.E.2d 213 (4th Dist. 1996); *Hawk v. Ketterer*, 3d Dist. No. 1-03-53, 2003-Ohio-6389.

{¶9} Finally, we find that the relators possess an adequate remedy in the ordinary course of the law. The defenses of the jurisdictional-priority rule, res judicata (claim preclusion), and witness immunity either have been raised or can be raised before Judge McMonagle by way of a motion to dismiss and/or motion for summary judgment. Thus, the relators possess an adequate remedy at law, if the aforesaid affirmative defenses are rejected as a bar to legal action. *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107.

{¶10} Therefore, we find that Judge McMonagle does not patently and unambiguously lack jurisdiction to conduct a trial and proceed to judgment in Case No. CV-771733 and that the relators possesses an adequate remedies in the ordinary course of

the law.

{¶11} Accordingly, we sua sponte dismiss the relators' complaint for a writ of prohibition. Relators to pay costs. The court directs the clerk of court to serve notice of this judgment and its date of entry upon all parties as required by Civ.R. 58(B).

{¶12} Complaint dismissed.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR