Robert E. KEENAN, Plaintiff–
Appellant,

v.

J. PARKER, Deputy; J. Lamantia, Dep-
uty; Mark Turner; Sergeant; Tim
Kelley, Sergeant, Jefferson County
Sheriff's Office, Defendants–Appel-
lees.

No. 00–3400.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2001.

Before JONES and CLAY, Circuit
Judges; DOWD, District Judge.*

*ORDER*

Robert E. Keenan, proceeding pro se,
appeals a district court judgment entered
against him in his civil rights action filed
under 42 U.S.C. § 1983. This case has
been referred to a panel of the court pur-
suant to Rule 34(j)(1), Rules of the Sixth
Circuit. Upon examination, this panel
unanimously agrees that oral argument is
not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Keenan sued
two deputies (Parker and Lamantia) and
two sergeants (Turner and Kelley) em-
ployed by the Jefferson County, Ohio,
Sheriff's Department. Keenan asserted in
his complaint that: 1) the defendants ar-
rested him without probable cause; 2) the
defendants used excessive force against
him; and 3) Turner and Kelley failed to
properly supervise Parker and Lamantia.
Keenan also asserted supplemental state
law claims. After the parties conducted
discovery, the case proceeded to trial and
the jury entered a verdict in favor of the
defendants on all claims.

Keenan's brief is construed as raising a
claim of ineffective assistance of counsel.

In his brief, Keenan essentially argues
that counsel rendered ineffective assis-
tance by not calling more witnesses at
trial, by not introducing a tape of a tele-
phone conversation, and by not presenting
other facts on Keenan's behalf.

The claim lacks merit. It is well-settled
that there is no constitutional or statutory
right to effective assistance of counsel in a
civil case. *See, e.g., Friedman v. Arizona*,
912 F.2d 328, 333 (9th Cir.1990); *Glick v.
Henderson*, 855 F.2d 536, 541 (8th Cir.

---

* The Honorable David D. Dowd, Jr., United
States District Judge for the Northern District
of Ohio, sitting by designation.

1988). Thus, litigants in a civil proceeding may not attack an adverse judgment on the grounds of ineffective assistance of trial counsel. *Friedman*, 912 F.2d at 333. Instead, the appropriate remedy is a malpractice action against the attorney. *Glick*, 855 F.2d at 541.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.