[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING FOR DETERMINATION OF EXPERT'S DEPOSITION FEE
The plaintiff in the above-captioned medical malpractice action seeks a court determination concerning the deposition fee demanded by an expert witness who was disclosed on the issue of causation by one of the defendants, Dr. Edward Kwasnik. Dr. Anthony S. Morgan, a surgeon who is employed at Saint Francis Hospital and Medical Center in Hartford, seeks payment from the plaintiff at the rate of $1,000 per hour for time he spent attending a deposition noticed by the plaintiff. The plaintiff objects that the fee demanded is unreasonable and asks the court to determine a reasonable fee.
Procedure
Practice Book § 13-4 (3) provides that "the judicial authority shall require that the party seeking discovery pay the [adversary's] expert a reasonable fee" for time spent at a discovery deposition. At the deposition, Dr. Morgan testified that he would charge $1,000 per hour for his attendance at his deposition. Plaintiff's counsel neither agreed to this charge nor suspended the deposition to dispute it, but proceeded with the deposition and challenged the reasonableness of the charge by the instant motion.
Defendant Kwasnik, on whose behalf Dr. Morgan was disclosed as an expert witness, asserts that because plaintiff's counsel did not take up the issue of the charge immediately, plaintiff must pay the charge at the rate stated. In fact, the Practice Book does not specify how or when the reasonableness of an expert's fee for responding to discovery shall be determined. Contrary to defendant Kwasnik's assertion, the rules of practice contain no requirement that the reasonableness of the fee be determined before the deposition occurs. Since many depositions of expert witnesses occur very close to the time of trial, such a requirement would be unworkable. A party that sought to thwart discovery of an expert's opinion could simply encourage his expert witness' hope of an exorbitant fee in order to cause a delay while the opposing party sought a court CT Page 13551 ruling on the reasonableness of the fee. Such a delay might preclude the deposition from ever taking place, a clear tactical advantage for the party who disclosed the expert witness. For this reason, this court respectfully disagrees with the suggestion in Sandler v. New HavenChiropractic, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 265862 (Jan. 9, 1989), that when a party learns that the expert witness is charging an exorbitant fee, counsel must suspend discovery to obtain a court ruling on the issue.
In the absence of a required procedure for raising the issue, the court finds that the plaintiff's motion is proper.
Merits
The parties have appended to their motion and objection the materials they seek to have this court review to determine whether the $1000 per hour fee is reasonable. Those submissions establish that Dr. Morgan testified that his hourly charge "depends on the case," and that in the instant case he billed $500 per hour to Dr. Kwasnik for reviewing documents but $1,000 per hour for time spent a deposition noticed by the plaintiff
The surgeon who was disclosed as an expert witness by the plaintiff charged $250 per hour, and two surgeons disclosed by a co-defendant charged $300 and $400 per hour respectively. Dr. Morgan, like the surgeon disclosed as an expert by the plaintiff, is hospital-based, apparently a salaried employee.
It has not been contended that Dr. Morgan was deprived of income from performing surgery for the three hours that the deposition required, and indeed no justification has been offered for his $1,000 rate other than his choice to charge it. No explanation has been provided as to any reason for charging plaintiff's counsel double the rate Dr. Morgan charges defense counsel for his time. CT Page 13552
The court finds that under the circumstances, the rate requested by Dr. Morgan is not reasonable. The court finds that $300 per hour represents a reasonable fee for the time Dr. Morgan spent at the deposition noticed by the plaintiff
Conclusion
The court determines that the reasonable fee to be paid to Dr. Anthony S. Morgan for his deposition testimony is $300 per hour.
Beverly J. Hodgson Judge of the Superior Court CT Page 13553