## AMY ROSE *v.* GARY P. JOLLY

Superior Court, Judicial District of Danbury

File No. CV-02 0347460S

Memorandum filed July 12, 2004

*Guendelsberger & Taylor*, for the plaintiff.

*Williams, Cooney & Sheehy*, for the defendant.

BELLIS, J. The matter presently before the court is a request to set a reasonable expert witness fee filed by defendant Gary P. Jolly prior to the scheduled deposition of Martin J. O'Malley, plaintiff Amy Rose's expert. As evidenced by the curriculum vitae produced by the plaintiff, O'Malley is an orthopedic surgeon who specializes in the foot and ankle. Apparently, O'Malley charges $2500 for two hours of deposition testimony and $500 for every fifteen minutes over the two hours. In other words, O'Malley would charge $2000 per hour for every hour after the second hour. As an example, should the deposition testimony of the plaintiff's expert in this medical malpractice case last for eight hours, O'Malley would seek to charge $14,500.

Practice Book § 13-4 (3) provides: "Unless manifest injustice would result, (A) the judicial authority shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (1) (B) and (2) of this rule; and (B) with respect to discovery obtained under subdivision (1) (B) of this rule the judicial authority may require, and with respect to discovery obtained under subdivision (2) of this rule the judicial authority shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert."

There is no appellate authority in Connecticut that sheds light on what a reasonable expert witness fee is under Practice Book § 13-4 (3). The trial courts applying Practice Book § 13-4 (3) have looked to its federal counterpart, rule 26 (b) (4) (C) of the Federal Rules of Civil Procedure, for guidance. See *Rolfe* v. *New Britain General Hospital,* 47 Conn. Sup. 296, 790 A.2d 1194 (2001). "In determining whether a fee request pursuant to Rule 26 (b) (4) (C) is reasonable, [the federal] courts consider [the following] criteria: (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest implicated by Rule 26. . . . Ultimately, however, it is in the court's discretion to set an amount that it deems reasonable." (Citation omitted; internal quotation marks omitted.) *Fisher-Price, Inc.* v. *Safety 1st, Inc.,* 217 F.R.D. 329, 333 (D. Del. 2003).

What constitutes a reasonable fee "must be decided on a case by case basis." *Harvey* v. *Shultz*, United States District Court, Docket No. 99-1217-JTM, 2000 WL 33170885, p. 2 (D. Kan. November 16, 2000). "The rationale behind [rule 26 (b) (4) (C)] is that it would be unfair to require one party to provide discovery for another party's benefit without reimbursement." *Cabana* v. *Forcier*, 200 F.R.D. 9, 15 (D. Mass. 2001). "[The] factors . . . merely serve to guide the court and [t]he ultimate goal must be to calibrate the balance so that a plaintiff will not be unduly hampered in his/her efforts to attract competent experts, while at the same time, an inquiring defendant will not be unfairly burdened by excessive ransoms which produce windfalls for the plaintiff's experts." (Internal quotation marks omitted.) Id., 15–16.

In *Gionfriddo* v. *Hartford Hospital Real Estate Corp.*, Superior Court, judicial district of Hartford, Docket No. CV 96 0563347 (September 8, 1998) (22 Conn. L. Rptr. 648) (*Rittenband, J.*), the court determined that expert witness fees of $300 per hour of deposition, $150 per hour for deposition preparation and $150 per hour for travel time were reasonable for the time an expert spent in responding to discovery pursuant to Practice Book § 13-4 (3).

In *Cornelio* v. *Stamford Hospital*, Superior Court, judicial district of Waterbury, complex litigation docket, Docket No. X01 CV 97 0166904S (February 21, 2003) (*Hodgson, J.*), the issue was whether a fee of $3500 for each half-day of deposition charged by the plaintiff's medical expert was unreasonable. The plaintiff asserted that the fee was reasonable given the physician's credentials. The court stated that this fee was unreasonable in that the physician's credentials were the same as those of similarly situated persons in the medical profession who charged $300 per hour of deposition time and that the physician should instead receive a comparable fee. Id.

In *Beckett* v. *Waterbury Hospital*, Superior Court, judicial district of Waterbury, complex litigation docket, at Waterbury, Docket No. X01 CV 00 0159614S (October 23, 2002) (33 Conn. L. Rptr. 356) (*Hodgson, J.*), the defendant's expert witness, a hospital based salaried physician, stated at his deposition that he would be charging $1000 per hour of deposition. Deposing counsel did not dispute the charge, proceeded with the deposition, and upon completion, challenged the reasonableness of the fee charged pursuant to Practice Book § 13-4 (3). The court determined that the fee was unreasonable, stating that the physician was not deprived of income during the deposition and proffered no justification for the fee of $1000 per hour other than it was his choice to charge it. *Beckett* v. *Waterbury Hospital*, supra, 33 Conn. L. Rptr. 357. Additionally, the court took into consideration that other medical experts involved in the case charged between $250 to $400 per hour of deposition. The court reduced the fee to $300 per hour. Id.

Finally, in *Brought* v. *Batson*, Superior Court, judicial district of Danbury, Docket No. CV02-0347176S (December 17, 2003) (36 Conn. L. Rptr. 189) (*Bellis, J.*), the court held that the $5000 flat fee charged by the plaintiff's expert, a New York neurosurgeon and a hospital based salaried physician, was unreasonable in light of the court's knowledge of the prevailing rates of other comparable respected available experts. The court reduced the allowable expert fee to $400 per hour for both reasonable deposition preparation time and actual deposition testimony. Id., 192.

In the present matter, the court, at its request, was provided with O'Malley's curriculum vitae. Besides the court's own knowledge of the comparable rates of other experts, the court has no further information, such as whether O'Malley is on a fixed salary, whether his salary is dependent upon the number of patients seen by him or whether any compensation he receives from his

activity as an expert witness goes directly to him or into a faculty plan, or the like.

Based upon the court's review of the expert's curriculum vitae and knowledge of the "going rates" of other similar experts, the court finds that O'Malley's fee of $2500 for the first two hours is unreasonable. The court further finds that O'Malley's charge of $500 for every fifteen minutes over the initial two hours is exorbitant. The court, therefore, reduces the allowable expert fee to $400 per hour.