VANCE, et al., Appellants,

v.

MARION GENERAL HOSPITAL, INC. et al., Appellees.

[Cite as *Vance v. Marion Gen. Hosp.*, 165 Ohio App.3d 615, 2006-Ohio-146.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–05–23.

Decided Jan. 17, 2006.

Timothy A. Shimko and David A. Welling, for appellants.

Gregory B. Foliano and Lindsay M. Sestile, for appellees.

SHAW, Judge.

{¶ 1} Plaintiff-appellant, Ethel Vance, appeals the June 2, 2005 judgment of the Court of Common Pleas, Marion County, Ohio, granting $1,500 to nonparty witness Lawrence Lubbers, M.D. as the fee for his discovery deposition.

{¶ 2} This appeal stems from a medical-malpractice claim filed by Vance against Marion General Hospital, Inc. and several of its doctors. Vance was apparently admitted to Marion General after she suffered a "cardiac emergency," and in her cause of action, she claimed that negligent treatment resulted in necrosis in her hand. As a result of that negligent treatment, the tissue in the hand deteriorated to the point that it required amputation.

{¶ 3} Nonparty-witness-appellee, Dr. Lubbers, was the hand surgeon who performed the amputation on Vance's hand. Dr. Lubbers was initially contacted by Vance's attorneys to give a deposition in the case, but Vance's counsel balked at the $2,500 fee Dr. Lubbers charged as his "stated policy" for deposition testimony. This fee also apparently covered any live in-court testimony. Counsel for Vance attempted to negotiate a fee with Dr. Lubbers, but eventually those negotiations broke down. Thereafter, Vance's attorneys subpoenaed Dr. Lubbers to be deposed on March 25, 2005, at the Marion County Courthouse, and sent a check for $22 covering the statutory witness fee provided in R.C. 2335.06.

{¶ 4} Dr. Lubbers filed a motion to quash the subpoena, but the trial court ordered the subpoena to go forward and indicated that Dr. Lubbers could seek fees for his testimony at a later point. After the deposition, Dr. Lubbers filed a motion to set reasonable fees for his testimony, seeking $8,000 because he was forced to clear an entire day from his schedule in order to give the deposition. In its judgment entry, the trial court awarded Dr. Lubbers $1,500 as reasonable fees for his testimony in the deposition, citing Civ.R. 26(B)(4)(c) as authority to award reasonable fees to an expert witness.

{¶ 5} Vance subsequently settled her claims against Marion General Hospital and the doctors named in her complaint. She now appeals the trial court's grant of fees to Dr. Lubbers, asserting the following assignment of error:

The trial court erred by awarding a non-party witness $1,500.00 as reasonable fees for his deposition testimony, because the Court's ruling was contrary to R.C. 2335.06.

{¶ 6} In this assignment of error, Vance argues that the trial court erred in ordering her to pay the deposition fee for Dr. Lubbers. The trial court concluded that Dr. Lubbers was an expert witness and determined that it had the authority to order the party seeking discovery to pay the expert's fees under Civ.R. 26(B)(4)(c). Thus, the issue before this court is whether the trial court had the authority under Civ.R. 26(B)(4)(c) to impose the fee charged by Dr. Lubbers for his testimony against Vance.

{¶ 7} We review a trial court's decision under Civ.R. 26(B)(4)(c) under an abuse-of-discretion standard. *Duckworth v. Burger King Corp.*, 159 Ohio App.3d 540, 2005-Ohio-294, 824 N.E.2d 592, at ¶ 21. The term "abuse of discretion" connotes that the court's decision is unreasonable, arbitrary, or unconscionable; an abuse of discretion constitutes more than an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying this standard, "an appellate court must not substitute its judgment for that of the trial court." *State ex rel. Strategic Capital Investors, Ltd. v. McCarthy* (1998), 126 Ohio App.3d 237, 247, 710 N.E.2d 290.

{¶ 8} Vance contends that Dr. Lubbers, even though he may be an expert in his particular medical field, was not called to give expert testimony in this case but only to give factual testimony concerning the surgery he performed on Vance's hand. Vance argues emphatically that Dr. Lubbers "was never listed or identified by the plaintiff-appellant as an expert witness. * * * Plaintiff-appellant subpoenaed Dr. Lubbers for purposes of obtaining his testimony regarding his knowledge of the facts surrounding the underlying case." Therefore, Vance contends that the trial court had no authority to order him to pay Dr. Lubbers fees under Civ.R. 26(B)(4)(c) because Dr. Lubbers was not an "expert witness."

{¶ 9} Civ.R. 26 is a discovery rule designed to provide access to an opposing party's expert witness. Subsection (B)(4)(c) of the rule provides:

> The court may require that the party seeking discovery under subdivision (B)(4)(b) of this rule pay the expert a reasonable fee for time spent in responding to discovery, and, with respect to discovery permitted under subdivision (B)(4)(a) of this rule, may require a party to pay another party a fair portion of the fees and expenses incurred by the latter party in obtaining facts and opinions from the expert.

The rule specifically refers to subdivisions (B)(4)(a) and (B)(4)(b), which permit a party to seek discovery from an expert witness who is either (1) "retained or specifically employed by another party" or (2) identified by the opposing party as

someone who that party expects to call as an expert witness. Thus, ostensibly, this rule does not apply to the instant case, because Dr. Lubbers was not specifically retained as an "expert" or identified as someone either party expected to call as an expert witness.

{¶ 10} Therefore, under ordinary circumstances, the court would not be permitted to order Vance to pay Dr. Lubbers's fee because Vance did not identify Dr. Lubbers as an expert. Although subdivision (B)(4)(b) permits either party to seek discovery of a witness who has been identified as an expert and subdivision (B)(4)(c) authorizes the court to require the party seeking discovery under (B)(4)(b) to pay the expert reasonable fees, the witness must first be identified as an expert by one of the parties before subdivision (B)(4)(b) applies. Thus, since the trial court ordered that the parties identify their experts and neither party listed Dr. Lubbers, he would not ordinarily be considered an expert witness in this case, and neither party could treat him as expert for purposes of his testimony. This allows a party to call a witness such as Dr. Lubbers, who may be qualified as an expert, and have the person testify only to his factual knowledge while avoiding having to pay the witness as an expert.

{¶ 11} Other courts of appeals in Ohio have applied this rule and found that a witness in Dr. Lubbers's situation need not be classified as an expert because he was being called to testify only to matters about which he had factual knowledge. In *Siegel v. Birnbaum* (Feb. 20, 1997), 8th Dist. Nos. 69105 and 69059, 1997 WL 72143, the court held that a physician who was not a party to the underlying medical malpractice claim and who was only "a treating physician, called to testify as to [appellant's] physical condition * * * and the surgical treatment he gave her" was a fact witness, and Civ.R. 26(B)(4)(c) did not apply. Id. at *11. Likewise, the Tenth District held that two doctors who were treating physicians were "ordinary witnesses" because they were "actors or viewers of [plaintiff's] physical condition." *Covington v. Sawyer* (1983), 9 Ohio App.3d 40, 45, 9 OBR 43, 458 N.E.2d 465. Therefore, Civ.R. 26(B)(4)(c) did not allow the court to order the party wishing to depose the witness to pay an expert witness fee. *Siegel* at *11.

{¶ 12} In these situations, because the witness was not identified as an expert, the witness could testify only to his factual knowledge and could not give expert opinion. See *Vaught v. Cleveland Clinic Found.* (Sept. 6, 2001), 8th Dist. No. 79026, 2001 WL 1034705, at *2-3. Part of the rationale for this interpretation of Civ.R. 26(B)(4) is that the rule is designed to prevent surprise when dealing with expert witnesses. *Vaught* at *3 ("The goal of preventing surprise at trial means that opposing counsel must have access to expert witness reports and opinions so that opposing counsel may make adequate trial preparations"). If the witness has never been identified as an expert, allowing the party to obtain expert testimony from the witness would violate the purpose of the rule. Accordingly, if

the witness has not been identified as an expert he may only testify as a fact witness; the witness is "limited to testifying only to facts and leaving to the jury the job to make the necessary and natural deductions from those facts." Id. (citing Staff Note to Evid.R. 701). Any expert opinion testimony elicited by counsel could be objected to and excluded from trial, due to the lack of notice provided to the opposing party.

{¶ 13} However, we believe that the trial court has inherent authority under the rule to control discovery when the party attempts to elicit expert testimony from a person whom that party has failed to identify as an "expert." As the Eighth District found in *Siegel*, "Civ.R. 26(B)(4)(c) gives courts the power to control discovery under unfair circumstances where an expert may be paid by one party and deposed by the other party, who would garner the benefit of information without paying." *Siegel*, 8th Dist. Nos. 69105 and 69059, 1997 WL 72143, at *11. Likewise, we believe that Civ.R. 26(B)(4) gives courts the authority to control discovery when one party attempts to garner the benefit of obtaining expert testimony without cost and without notice to the opposing party.[1] Therefore, in situations where a party deposes a witness whom it has not identified as an expert, but from whom the party attempts to elicit expert opinion, the trial court has inherent authority under Civ.R. 26(B)(4)(c) to impose reasonable fees on that party for the expert testimony. Such a rule allows the trial court flexibility to control discovery and discourages a party from obtaining expert testimony without notifying the opposition.

{¶ 14} In the instant case, we hold that Vance sought to obtain expert testimony in deposing Dr. Lubbers. Her counsel elicited testimony from Dr. Lubbers on the symptoms she showed, the cause of her injury, and the connection between her condition and the previous treatment received at Marion General Hospital. The record reflects the following exchange:

Q: Is there any connection between the administration of the pressors and the condition of the left hand as you saw it?

A: I think that's out of my level of expertise to be able to say whether it is or it isn't.

Q: So you have no opinion as to whether or not the administration or infiltration of pressors in the * * * left upper extremity was the cause of this one way or another?

A: That's correct.

---

1. The danger of such tactics seems readily apparent under the circumstances of the instant case. Vance was able to obtain deposition testimony from Dr. Lubbers, some of which amounts to expert opinion. Even if the defendants in this case could have had that testimony excluded from the trial, it is likely Vance was able to utilize the testimony elicited in the deposition during settlement negotiations with the defendants.

\* \* \*

Q: So when you saw Mrs. Vance in January of '02 you believe[d] that the condition of her left hand was as a result of some ischemia, a lack of blood flowing to the left hand?

A: She has symptoms of ischemia and signs of ischemia.

Counsel also elicited testimony concerning the medical terminology and medical procedures and asked Dr. Lubbers to comment on the amount of pain Vance was likely to suffer as a result of her condition. These questions go well beyond Dr. Lubbers's factual knowledge of the circumstances surrounding this case and undoubtedly enter into the realm of expert opinion. Accordingly, because Vance treated Dr. Lubbers like an expert and attempted to elicit expert opinion during his deposition, we hold that the trial court did not abuse its discretion in imposing reasonable expert-witness fees pursuant to Civ.R. 26(B)(4)(c).

{¶ 15} The only remaining question concerns the reasonableness of the fee imposed. The trial court awarded Dr. Lubbers a sum of $1,500, well below the amount requested by Dr. Lubbers in his motion for fees. That amount, however, was a reasonable compromise between the amount initially requested by Dr. Lubbers, $2,500, and the amount offered by Vance, $500 plus $350 per hour of testimony. Moreover, the trial court made its determination on fees after examining the evidence presented by Vance regarding similar witness fees imposed by other doctors in his area of specialization. After examining the record, we hold that the fee imposed by the trial court was entirely reasonable.

{¶ 16} Based on the foregoing, appellant's assignment of error is overruled. The judgment of the trial court is affirmed, and the imposition of an expert witness fee in the amount of $1,500 for Dr. Lubbers's testimony is sustained.

Judgment affirmed.

BRYANT, P.J., and CUPP, J., concur.