Hart v. Progressive N. Ins. Co., No. 258-7-12 Bncv (Wesley, J. Apr. 29, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 258-7-12 Bncv** |

| | |
|---|---|
| **Henry F. Hart,**<br>**Plaintiff.**<br><br>**v.**<br><br>**Progressive Northern Insurance Company,**<br>**Defendant.** | |

### Decision and Order on Defendant's Motion for Protective Order to Establish Reasonable Fee For Plaintiff's Expert Doctor John Herzog

Plaintiff sues Defendant under his uninsured motorist policy. Defendant insured Plaintiff's automobile. Plaintiff alleges he was in a traffic accident with an uninsured motorist. As a result of the crash, Plaintiff suffered injuries to his spine and he requires spinal-lumber surgery. Plaintiff disclosed Dr. John Herzog, his treating physician, as an expert. Dr. Herzog charges $3,500 per hour for deposition testimony.

On March 14, 2014, Defendant moved the Court to set a reasonable fee for Dr. Herzog's deposition testimony, or to exclude Dr. Herzog's testimony. Defendant's attorney, Susan J. Flynn, attached an affidavit stating the highest amount she is familiar with a doctor charging for a deposition is $800 per hour. Defendant also requested the Court extend the deadline for depositions until June 1, 2014. On March 24, 2014, Plaintiff opposed the motion. Plaintiff argued Dr. Herzog's fees are reasonable and also that as a treating physician Dr. Herzog is not an expert that required disclosure. Plaintiff supports Defendant's request to extend the deposition deadline.

"A party may depose any person who has been identified… as an expert witness." V.R.C.P. 26(b)(4)(A)(ii); *see also* V.R.C.P. 30 (describing the manner in which oral depositions must be taken). A party seeking discovery of an expert is liable for "a reasonable fee for time spent in responding to discovery." V.R.C.P. 26(b)(4)(E). Vermont case law on the reasonable fees of expert is limited. *See, e.g.*, *Buskey v. Ciocchi*, No. 812-11-09 Wrcv, 2011 WL 758356 (Vt. Super. Ct., Feb. 16, 2011) (Hayes, J.) (discussing the sharing of costs for an expert witness preparing for a deposition).  Nevertheless, the Vermont rule is similar to the federal rule and the rules in other states.

Review of cases suggests Dr. Herzog's proposed rate of $3,500 per hour is unreasonable. In *Buskey*, Judge Hayes ruled $650 per hour was reasonable. *See id.* The Connecticut Superior Court found a rate of $1,250 per hour was unreasonable and imposed a fee of $400 per hour. *See Rose v. Jolly*, 854 A.2d 824, 827 (Conn. Super. Ct. 2004). The Northern District of New York found $185 per hour for testimony of a treating physician was reasonable. *See Lamere v. N.Y.*

*State Office for the Aging*, 223 F.R.D. 85, 93 (N.D.N.Y. 2004). An Ohio Appeals Court awarded $1,500 for a deposition. *Vance v. Marion Gen. Hosp.*, 847 N.E.2d 1229, 1233 2006-Ohio-146, ¶ 15 (Ohio Ct. App. 2006).

The Court imposes a rate of $800 per hour for deposition testimony of Dr. Herzog. Under V.R.C.P. 26(b)(4)(E), the Court must allow experts reasonable fees for answering discovery requests. Despite Dr. Herzog's stated rate and Plaintiff's examples of other unreasonable fees, the Court is not persuaded $3,500 per hour is reasonable. Judge Hayes' award of fees at a rate of $650 per hour is a reasonable benchmark, and considering that case was three years ago, Defendant's proposal of $800 per hour is deemed reasonable. *See Buskey*, 2011 WL 758356. Therefore, the Court will set the rate for Dr. Herzog's testimony at $800 per hour.

The Court is not persuaded by Plaintiff's argument that he now suffers an unfair dilemma as a result of disclosing Dr. Herzog as an expert, because Dr. Herzog will be testifying to facts associated with treatment, not offering an independent expert analysis. The Court finds it likely that Dr. Herzog's testimony will fit most reasonably into that of an expert, which presumably is how Plaintiff saw it as well when disclosing him as an expert. In any event, Plaintiff's dilemma might conceivably only deepen were he to have identified Dr. Herzog only as a fact witness. Arguably, under those circumstances, Defendant might have subpoenaed Dr. Herzog and paid him only a standard witness fee. *See McDermott v. FedEx Ground Sys.*, 247 F.R.D. 58, 61 (D. Mass. 2007) (finding a treating physician is fact witnesses who is not entitled to additional fees). In any event, Dr. Herzog is not entitled to $3,500.

The Court will also grant the motion to extend the deposition deadline until June 1, 2014. Both parties consent to the extension. The Court will place this case on the jury calendar after June 1, 2014.

## Order

The Court **GRANTS** Defendant's motion to set costs for the deposition testimony of Dr. Herzog . The Court sets $800 per hour as the reasonable rate for Dr. Herzog's deposition testimony. The Court also **GRANTS** Defendant's request to extend the deposition deadline until June 1, 2014.

Dated at Bennington, Vermont on April 28, 2014.

_____
John P. Wesley
Superior Court Judge